# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00629-MOC
# (CRIMINAL CASE NO. 3:16-cr-00232-MOC-DSC-2)

| | |
|---|---|
| **JERVONTEZ LAVASSIOR LEAK,** | )<br>)<br>) |
| **Petitioner,** | )<br>) |
| vs. | )    **ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | )<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On February 23, 2017, Petitioner Jervontez Lavassior Leak ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); one count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and one count of aiding and abetting the possession and brandishing of a firearm in furtherance of a crime of violence, that is, the Hobbs Act robbery charged in Count Two, all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). [CR Doc. 26: Bill of Indictment]. Petitioner and the Government reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Two and Three and the Government agreed to dismiss Count One. [CR Doc. 42: Plea Agreement]. In the plea agreement, Petitioner

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-cv-00629-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00232-MOC-DSC-2.

stipulated that there was a factual basis for the plea of guilty and that the factual basis filed with the plea agreement may be used to determine the applicable advisory guideline range. [Id. at ¶ 15]. The factual basis provided, in part, that in the course of the robbery committed by Petitioner and his co-conspirator, the manager of the establishment that was the subject of the robbery "sustained non-life threatening injuries to the head when [the co-conspirator] pointed a firearm at him and struck him in the back of the head three times after [the co-conspirator] demanded money from the back office." [CR Doc. 43 at ¶ 2: Factual Basis]. The parties agreed in the plea agreement that, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, they would jointly recommend that a two-level sentencing enhancement applied under U.S.S.G. § 2B3.1(b)(3)(A) because a victim received bodily injury. [Id. at ¶ 8(d)].

Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 48: Acceptance and Entry of Guilty Plea]. At the plea hearing, Petitioner confirmed that he was, in fact, guilty of the charges to which he was pleading guilty. [Id. at ¶ 24]. After conducting a thorough plea colloquy, the Court found Petitioner's plea to have been "knowingly and voluntarily made." [Id. at 4]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). [CR Doc. 61: PSR]. The probation officer found Petitioner's Total Offense Level (TOL) for Count One to be 21 and a Criminal History Category of III. [Id. at ¶¶ 32, 38]. The TOL included the two-level enhancement for bodily injury to a victim. [Id. at ¶ 22]. The recommended advisory guideline sentencing range for Count Two based on these findings was a term of imprisonment of 46 to 57 months, plus a mandatory consecutive sentence of at least 84 months for Count Three. [Id. at ¶ 59].

Petitioner's sentencing hearing was held on November 16, 2017. The Court sentenced Petitioner at the low end of the sentencing range to 46 months' imprisonment on Count Two and

to a term of imprisonment of 84 months on Count Three, to be served consecutively to the term imposed on Count Two, for a total term of imprisonment of 130 months. [CR Doc. 66 at 2: Judgment]. Judgment on Petitioner's conviction was entered on November 22, 2017. [Id.]. Petitioner did not file a direct appeal from his conviction or sentence.

On November 21, 2018, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner argues three grounds for relief: (1) his § 924(c) conviction should be vacated because Hobbs Act robbery is not a crime of violence; (2) his counsel was ineffective for failing to argue that Hobbs Act robbery is not a crime of violence under § 924(c); and (3) his counsel was ineffective for failing to object to the two-level enhancement for bodily injury to a victim.[2] [Id. at 4-7].

After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government, this matter was stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431, and the Court ordered that the Government was to respond to Petitioner's motion to vacate within 60 days of the Davis decision. [CV Docs. 3, 4]. The Supreme Court decided Davis on June 24, 2019. Thereafter, the Government timely filed its response. [CV Doc. 8]. Petitioner did not reply.

This matter is now ripe for adjudication.

---

[2] Petitioner also asserts, as grounds for failing to raise these issues on appeal, that his "appelate [*sic*] counsel should have raised [the] issue[s] under the Sixth Amendment." [CV Doc. 1 at 4-7]. Petitioner, however, did not file a direct appeal, makes no claim of ineffective assistance of counsel based on the failure to appeal, and does not identify any appellate counsel in his petition. [See id. at 10]. The Court, therefore, declines to further address this issue.

3

Case 3:18-cv-00629-MOC   Document 10   Filed 05/21/20   Page 3 of 6

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims his conviction under § 924(c) is unconstitutional because Hobbs Act robbery is not a crime of violence.

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Three is valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that

4

"Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266. As such, Petitioner's conviction under 18 U.S.C. § 924(c) is valid.

Further, because Hobbs Act robbery is, in fact, a crime of violence under § 924(c), Petitioner's claim for ineffective assistance of counsel based on his attorney's failure to make the contrary argument is without merit. Even if Petitioner could show deficient performance, which he has not, Petitioner cannot establish prejudice because there is no "reasonable probability" that the result of the proceeding would have been any different had his attorney argued that Hobbs Act robbery is not a crime of violence. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Finally, Petitioner's claim that he received ineffective assistance of counsel because his attorney did not object to the two-level bodily injury enhancement is also without merit. Petitioner knowingly and voluntarily agreed to this enhancement as a term of his plea agreement. Further, the factual basis plainly supports its application. Petitioner has not shown deficient performance and cannot show a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)).

In sum, Petitioner has failed to show that he is entitled to relief under § 2255. The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid and that Petitioner's claims of ineffective assistance of counsel are without merit, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 21, 2020

Max O. Cogburn Jr.
United States District Judge